IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                              Crim. No. 22-1239-KWR

MARTIN MARTINEZ,

    Defendant.

## UNITED STATES' SENTENCING MEMORANDUM

It is not exactly a well-kept secret that Albuquerque has a problem with gun violence. A key contributor to that problem is when an individual who is lawfully able to purchase a gun – such as Defendant Martin Martinez ("Defendant") – and engages in firearms trafficking schemes for the purpose of getting those guns in the hands of convicted felons.

Defendant's present convictions focus on two acts of straw purchasing firearms for convicted felons in 2022. These are not, however, the only two times Defendant has purchased guns for those prohibited from lawfully purchasing guns for themselves. For the following reasons, and pursuant to the parties' Rule 11(c)(1)(B) plea agreement, the United States requests that the Court impose a sentence at the high end of Defendant's advisory sentencing guidelines range, that being a sentence of 30 months imprisonment.

**I.    LEGAL STANDARD**

In imposing a sentence that is sufficient but not greater than necessary, the Court must consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public

1

>    from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for – (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
> (5) any pertinent policy statement;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) – (7).

**II.   ARGUMENT**

### A. The nature and circumstances of the offense and the history and characteristics of the defendant

The nature and circumstances of the two violations of 18 U.S.C. §§ 922(a)(6) and 924 are quite simple: Defendant lied to purchase guns on behalf of two convicted felons.

On February 14, 2022, Albuquerque Police Department ("APD") officers attempted to conduct a traffic stop involving a convicted felon named Anthony Sandoval. *See* Pre-Sentence Report ("PSR") (doc. 37) at ¶ 9. Officers observed Sandoval throw a black firearm over a fence before the occupants of the vehicle fled from law enforcement. *Id.* The APD investigation from the February 14 traffic stop revealed a victim who stated that Sandoval – who had previously been convicted for sodomy and possession of heroin – threatened to shoot him in the abdomen while they were inside of the vehicle. *Id.* at ¶ 10.

A search of the vehicle revealed another firearm, that being a Stoeger model STR-9 9mm caliber pistol bearing S/N T6429-21U17459. *Id.* at ¶ 11. The Stoeger pistol had been purchased by Defendant on February 3, 2022, from Sportsman's Warehouse in Albuquerque. *Id.* The United States is in possession of surveillance video from the store that shows Defendant and Sandoval brazenly go into the store and look at guns together before Defendant lied on ATF Form 4473,

2

which required him to certify that he was the actual transferee/buyer of the firearm. *Id.* at ¶ 14. This pistol was reported in a ShotSpotter report of gunfire in front of a residence in Albuquerque on February 13, 2022, one day prior to the traffic stop involving Sandoval. *Id.* at ¶ 15.

On April 18, 2022, APD officers responded to a call for service regarding a suspicious person inside of a vehicle. PSR at ¶ 16. They encountered Christopher Fox, a felon who had previously been convicted of a drug offense. *Id.* Fox had a CZ model P-09 9mm caliber pistol bearing S/N F257310, an extended magazine, fentanyl, methamphetamine, and approximately 40 rounds of ammunition. *Id.* The CZ pistol had been purchased by Defendant on March 16, 2022, from BMC Tactical in Albuquerque. *Id.* Like the previous purchase, the United States is in possession of surveillance video that shows Defendant and Fox brazenly go into the store and look at guns together before Defendant lied on ATF Form 4473, which required him to certify that he was the actual transferee/buyer of the firearm. *Id.* at ¶ 17. Fox went so far as to point out the specific gun that he wanted Defendant to buy for him. *Id.*

Post-*Miranda*, Defendant initially lied before ultimately admitting to these purchases. *Id.* at ¶ 18. He stated that he knew that both men were felons and that he was paid $450 by Sandoval to purchase the pistol for him. *Id.* Defendant further admitted to purchasing firearms for other people who could not purchase them for themselves as a way to make money. He consented to interviewing agents with the ATF to look at his phone and they observed messages where Defendant was threatening his illicit customer base with reporting them to law enforcement for being felons in possession of firearms if they did not pay him. *Id.* at ¶ 21. How ironic – Defendant facilitated these purchases for people he knew to be felons and then threatened to report to law enforcement that they possessed the firearms he bought for them.

The plea agreement references two additional instances of firearms trafficking that the United States has agreed not to pursue charges on in exchange for Defendant's guilty plea and acceptance of responsibility in this case. *See* Doc. 30 at 8. The Court can consider these purchases as relevant conduct for purposes of sentencing. The unfortunate truth is that the United States and the ATF simply do not know how many times Defendant has acted as a straw purchaser for convicted felons given what a prolific gun purchaser he is and the fact that he did not have any of those guns in his home when ATF interviewed him, nor did he remember who he had given them to. The nature and circumstances of these offenses support a sentence at the high end of Defendant's advisory sentencing guidelines range, but the Court has good cause to impose an upward variance outside of the guidelines range.

> **B. The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant**

The fact that Defendant has no meaningful criminal history does not weigh in his favor. It is precisely this fact that permitted him to repeatedly carry out these crimes. He is not only deserving of losing his right to possess firearms, but he is deserving of a substantial term of imprisonment that accounts for his role in directly facilitating getting guns into the hands of felons. The PSR notes that he has performed well on pre-trial supervision. This, too, does not weigh in his favor as good performance on pre-trial supervision is expected and is not a factor the Court considers under 18 U.S.C. § 3553.

A sentence at the high-end of Defendant's advisory sentencing guidelines range, 30 months, would serve numerous sentencing goals: the need to reflect the seriousness of buying guns for convicted felons, to promote respect for the law, to deter Defendant from his next illicit business venture, and to protect the public from the very real consequences of firearms trafficking.

**C. The kinds of sentences available, the sentencing range established for this defendant, and the need to avoid sentencing disparities**

A violation of 18 U.S.C. § 922(a)(6) carries a maximum term of imprisonment of ten years. The PSR notes that his advisory sentencing guidelines range, based on offense level 20 and criminal history category I, is 33 to 41 months. PSR at ¶ 73. Based on Defendant's willingness to accept responsibility, his offense level was reduced to 17 and therefore his guidelines range was reduced to 24 to 30 months. *Id.* at ¶ 72. As a general matter, sentences imposed within a defendant's advisory sentencing guidelines range do not result in sentencing disparities.

## III. CONCLUSION

Defendant's illicit firearms business has officially come to an end and he must be held accountable for putting guns directly in the hands of convicted felons in the form of real imprisonment time. To date, he has served a total of *one day* in custody. For the foregoing reasons, the United States requests the Court impose a sentence at the high end of Defendant's advisory sentencing guidelines range, that being a sentence of 30 months imprisonment

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/
JAYMIE L. ROYBAL
Assistant United States Attorney
P.O. Box 607
Albuquerque, N.M. 87103
(505) 224-1413

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, Aric Elsenheimer, to be served by electronic means, as reflected on the Notice of Electronic Filing as indicated therein on November 13, 2023.

/s/
Jaymie L. Roybal
Assistant United States Attorney